## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### Greenville Division

| | |
|---|---|
| Jacob Myzal, | Court file no. _6:17-cv-00578-MGL_ |
| Plaintiff, | |
| v. | **Complaint** |
| LCS Financial Services Corporation, | **JURY TRIAL DEMANDED** |
| Defendant(s). | |

### Jurisdiction

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) for the FDCPA claims, 47 U.S.C. § 227 for the TCPA claims, and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3.     Venue is proper because the events and omissions giving rise to the claims

occurred in South Carolina, Plaintiff resided in South Carolina at all

relevant times, and Defendant transacts business in South Carolina.

## Parties

4.     Plaintiff Jacob Myzal is a natural person who resided at all relevant times

in the city of Mauldin, county of Greenville, state of South Carolina, and is

a "consumer" as defined by 15 U.S.C. § 1692a(3) and/or a person affected

by a violation of the FDCPA with standing to bring this claim under 15

U.S.C. §§ 1692k(a).

5.     Defendant LCS Financial Services Corporation ("Defendant LCS") is a

foreign business corporation that does business in South Carolina.

Defendant LCS operates from 6782 South Potomac Street, Suite 100,

Centennial, CO 80112. Defendant LCS has a registered agent in South

Carolina of Registered Agent Solutions, 317 Ruth Vista Road, Lexington,

SC 29073.

6.    On its website, Defendant LCS states it specializes in the recovery of

mortgage, auto, and student loans. Defendant LCS's website also provides

the "mini-Miranda" pursuant to 15 U.S.C. § 1692e(11). Defendant LCS

regularly collects debts and is a "debt collector" as that term is defined by

15 U.S.C. § 1692a(6).

7.    Based on the information provided on Defendant LCS's website,

Defendant LCS appears to regularly collect consumer debts, as that term is

defined by 15 U.S.C. § 1692a(5).

## Factual Allegations

8.    In or before 2016, an individual named Maria allegedly incurred a financial

obligation that was primarily for personal, family or household purposes

and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9.    Plaintiff does not share joint responsibility for any alleged debt(s) with an

individual named Maria.

10.    Plaintiff does not live with an individual named Maria.

11.   Sometime thereafter the alleged debt was incurred, the alleged debt was consigned, placed or otherwise transferred to Defendant LCS for collection.

12.   As part of Defendant LCS's collection efforts, Defendant LCS attempted to collect the debt from from Plaintiff.

**Defendant LCS Learns that Plaintiff is the Wrong Party**

13.   In or about April 2016, Defendant LCS began contacting Plaintiff by telephone, namely by calling him in an attempt to collect the debt, and each one of these phone calls was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.   After at least one of these phone calls, Defendant LCS would leave a voicemail on Plaintiff's cellphone.

15.   During at least one of the phone calls from Defendant LCS, Plaintiff answered a call from Defendant LCS on his cellphone.

16.   Upon answering the call, a representative from Defendant LCS asked to speak with Maria, or words to that effect.

17.   Plaintiff stated he did not know Maria, or words to that effect.

18.    Defendant LCS's representative stated that they would not call Plaintiff

again, or words to that effect.

19.    At that point, Defendant LCS was informed and understood that Plaintiff

was not obligated to pay the alleged debt.

20.    At that point, Defendant LCS was informed and understood that Plaintiff

did not know the alleged consumer named Maria.

21.    At that point, Defendant LCS had no permissible purpose to continue

contacting Plaintiff.

22.    After the above-described phone call, Plaintiff understood and believed

that Defendant LCS would stop calling him.

**Defendant LCS Continues to Leave Debt Pre-Recorded Debt Collection
Messages on Plaintiff's Voicemail**

23.    After April 2016, Defendant LCS continued to contact Plaintiff by

telephone, namely by calling him in an attempt to collect the debt, and

each one of these phone calls was a communication in an attempt to collect

a debt as that term is defined by 15 U.S.C. § 1692a(2).

24.     After at least one of the phone calls, Defendant LCS left a message on Plaintiff's voicemail.

25.     In at least one of the voicemails, Defendant LCS stated that the message was from Defendant LCS.

26.     In at least one of the voicemails, Defendant LCS stated that it was a debt collector.

27.     In at least one of the voicemails, Defendant LCS stated that it was trying to reach "you" in regards to a private business matter.

28.     After listening to at least one of the voicemails, Plaintiff believed that when Defendant LCS referenced "you," that meant that Defendant LCS was attempting to collect an alleged debt from him.

29.     At least two of the voicemails appear to be prerecorded messages. The messages sound exactly the same, and an analysis of the voicemail data appears to confirm that the message is indeed exactly the same.

30.     Each one of these voicemails was an impermissible attempt to collect the debt from Plaintiff. Plaintiff had informed Defendant LCS that they were

calling the wrong person. And Defendant LCS had stated they would stop calling Plaintiff.

31. By continuing to call Plaintiff in its attempts to collect the debt, Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692f, and 1692f(1).

## Telephone Consumer Protection Act Claims

32. Within the four years immediately preceding the filing of this complaint, Defendant and its employees and agents, willfully placed at least one call to Plaintiff's personal cellular telephone numbers in an effort to collect this consumer debt.

33. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

34.    Plaintiff is the owner, holder, and regular user of the cellular telephone

associated with the number (XXX) XXX – 3658 ("cell phone") (*redacted by*

*Plaintiff's counsel).*

35.    At all times relevant to this complaint, Defendant is a corporation and a

"person" as defined by 47 U.S.C. §153(39).

36.    At all times relevant to this complaint, the Defendant has used, controlled,

and/or operated "automatic telephone dialing systems" as defined by the

TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

37.    The Federal Communications Commission (FCC) was given the authority

to issue orders implementing the TCPA. The FCC has issued an order that

states:

> The creditors are in the best position to have records
> kept in the usual course of business showing such
> consent, such as purchase agreements, sales slips, and
> credit applications. Should a question arise as to
> whether express consent was provided, the burden will
> be on the creditor to show it obtained the necessary
> prior express consent. Similarly, a creditor on whose
> behalf an autodialed or prerecorded message call is
> made to a wireless number bears the responsibility for
> any violation of the Commission's rules. Calls placed by

> a third party collector on behalf of that creditor are
> treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd

559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted)

38. Within four years immediately preceding the filing of this lawsuit,

    Defendant and its agents telephoned the Plaintiff's cellular telephone on at

    least one occasion in violation of the TCPA.

39. Without Plaintiff's prior express consent, Defendant and its employees and

    agents used an automatic telephone dialing system ("ATDS") to call

    Plaintiff's cellular telephone in an attempt to collect this debt on at least

    one occasion.

40. All of these automated calls and/or messages from Defendant to Plaintiff,

    when he had previously never consented to these calls, were sent in willful

    violation of the TCPA.

41. In or about April 2016, Plaintiff got a call from Defendant LCS.

42. Upon answering the call, a representative from Defendant LCS asked to speak with Maria, or words to that effect.

43. Plaintiff stated he did not know Maria, or words to that effect.

44. Defendant LCS then stated they would stop calling Plaintiff, or words to that effect.

45. Defendant's phone system is an automated telephone dialing system and it has previously been sued for operating this system in violation of the TCPA. *Ferrara v. LCS Financial Services Corporation,* Case 8:14-cv-02450-JSM-AEP (Florida Mid. Dist. 2014).

46. Defendant acted willfully and knowingly in robo calling Plaintiff's cell phone because it never obtained the Plaintiff's prior express consent to make calls to Plaintiff's cellular phone using an ATDS.

47. Defendant had no basis to believe that they had the Plaintiff's prior express consent to make such automated calls or deliver such automated messages to his cell phone.

48.   Plaintiff was a regular user of the cell phone and paid the bill for it, thereby incurring a charge for each automated call made by Defendant.

49.   The complained of telephone calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

50.   Defendant's actions constituted unauthorized use of, and interference with the Plaintiff's cellular telephone service for which the Plaintiff paid money.

51.   Plaintiff was charged money for each call that Defendant made to his cell phone.

52.   All telephone contact by Defendant to Plaintiff's cell phone came from equipment that utilized an "artificial or prerecorded voice" or were placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

53.   Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cell phone utilizing an "artificial or prerecorded voice" or utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

54.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory

Ruling, the burden is on Defendant to demonstrate that Plaintiff provided

express consent within the meaning of the statute, because it is the best

entity to determine how numbers were attained.

55.    Defendant has therefore violated the TCPA which makes it

> ...[U]nlawful for any person within the United States, or
> any person outside the United States if the recipient is
> within the United States— ... (A) to make any call (other
> than a call made for emergency purposes or made with
> the prior express consent of the called party) using any
> automatic telephone dialing system or an artificial or
> prerecorded voice— ... (iii) to any telephone number
> assigned to a paging service, cellular telephone service...
> 47 U.S.C. § 227(b)(1)(A)(iii).

56.    Plaintiff is entitled to a minimum of $500.00 in damages for each such

violation of the TCPA under 47 U.S.C. § 227(b)(3)(B) from Defendant.

57.    Defendant's conduct herein was willful and knowing, and therefore the

Court should treble the amount of statutory damages recoverable by the

Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(C).

58.    Defendant's conduct was willful and knowing because it obtained Plaintiff

cell phone number from a source other than Plaintiff, by means of skiptracing.

59. Plaintiff is entitled to and seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

60. Plaintiff is entitled to and seeks declaratory relief from the Court finding that Defendant's conduct with respect to his cell phone, and as more further described herein, has violated of the TCPA.

61. Plaintiff alleges upon good faith information and belief that the TCPA violations complained of herein by Defendant are substantially likely to continue in the future if an injunction is not entered.

**Respondeat Superior Liability**

62. The acts and omissions of these individual employees and agents of Defendant, and the other debt collectors employed by Defendant who communicated with Plaintiffs and others as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

63.    The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

64.    By committing these acts and omissions against each Plaintiff, these individual employees and agents were motivated to benefit their principal, the Defendant.

65.    Defendant is therefore liable to each Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA, TCPA, in their attempts to collect this debt from Plaintiff.

**Summary**

66.    The above-described collection communications made to Plaintiff by Defendant, were made in violation of numerous and multiple provisions

of the FDCPA and TCPA, including but not limited to all of the provisions

of the FDCPA and TCPA cited herein.

67.  Plaintiff has suffered actual damages as a result of Defendant's illegal

conduct in the form of stress, frustration, amongst other negative

emotions.

68.  Defendant's illegal abusive collection communications described above

were the direct and proximate cause of emotional distress on the part of

Plaintiff.

## Trial by Jury

69.  Plaintiff is entitled to and hereby respectfully demand a trial by jury.

US Const. Amend. 7; Fed. R. Civ. P. 38.

## <u>Causes of Action</u>

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

70.  Plaintiff incorporates the foregoing paragraphs as though fully stated

herein.

71.    The foregoing intentional and negligent acts and omissions of Defendant

       constitute numerous and multiple violations of the FDCPA including, but

       not limited to, each and every one of the above-cited provisions of the

       FDCPA, 15 U.S.C. §§ 1692–1692p.

72.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to

       actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

       an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

       reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

       each Defendant.

**Count 2:**
**Violations of the Telephone Consumer Protection Act (TCPA)**
**47 U.S.C. §§ 227 et seq.**

73.    Plaintiff incorporates by reference all of the above paragraphs of this

       Complaint as though fully stated herein.

74.    Within the one year period immediately preceding this action, Defendant

       made numerous calls to the Plaintiff's cellular telephone service using an

automatic telephone dialing system in violation of the TCPA, 47 U.S.C.

Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

75.    The acts and or omissions of Defendant at all times material and relevant

hereto, as described in this complaint, were done unfairly, unlawfully,

intentionally, deceptively and absent bona fide error, lawful right, legal

defense, legal justification or legal excuse.

76.    As a causally-direct and legally proximate result of the above violations of

the TCPA and the C.F.R., Defendant at all times material and relevant

hereto, as described in this Complaint, caused Plaintiff to sustain damages.

77.    Defendant did not have the prior express consent of Plaintiff to use an

automatic telephone dialing system to call Plaintiff's cellular telephone.

78.    Defendant made such calls willfully.

79.    Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff is entitled to statutory

damages under the TCPA of $500.00 per phone call made to Plaintiff.

80. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

81. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**Count 3:**
**Unfair Trade Practices**
**S.C. Code §39-5-10, et. seq.**

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. The activities of the Defendant constitute trade or commerce as defined by the South Carolina Code, Section 39-5-10, et. seq.

84. The actions of the Defendant constitute unfair and deceptive practice in the conduct of trade or commerce as prohibited by the South Carolina Unfair Trade Practice Act, 39-5-20, et. seq. and are willful violations thereof.

85.  The actions of the Defendant are being repeated or has a real substantial

potential for repetition that affects the public interest.

86.  Upon information and belief, the actions described herein have been

repeated by Defendant.

87.  The Plaintiff has suffered an ascertainable loss due to the unlawful actions

of the Defendant.

88.  Plaintiff seeks actual damages in an amount to be proven at trial, treble

said actual damages, and an award of attorney's fees and costs.

**Request for Relief**

**Wherefore**, Plaintiff requests that judgment be entered against Defendant for:

**Count 1:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 et seq.**

•   statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

•   actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be

determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

## Count 2:
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227 et seq.

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## Count 3:
### Unfair Trade Practices
### S.C. Code §39-5-10, et. seq.

- For an award of actual damages, S.C. Code §39-5-140;

- Three (3) times the actual damages pursuant to S.C. Code §39-5-140;

- For an award of reasonable attorney fees and costs, S.C. Code §39-5-140;

- For such other and further relief as may be just and proper.

Respectfully submitted,

**Ellsworth Law Firm**

Date: <u>March 2, 2017</u>                            */s/ **Brian J. Ellsworth***

Brian J. Ellsworth (#11839)
109 West Court Avenue
Greenwood, SC 29646

phone • 864.757.4938
fax • 864.330.2954
e-mail • brian@bjellsworth.com

**Attorney for Plaintiff**